IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL McDANIEL,                          | )  |                                        |
|                     Petitioner,            | )  | Civil Action No. 12-58 Erie            |
|                                            | )  |                                        |
|                     v.                     | )  | District Judge Sean J. McLaughlin      |
|                                            | )  | Magistrate Judge Susan Paradise Baxter |
| ERIE COUNTY DISTRICT                       | )  |                                        |
| ATTORNEY'S OFFICE; ERIE COUNTY             | )  |                                        |
| COURT OF COMMON PLEAS;                     | )  |                                        |
| ERIE COUNTY EXECUTIVE/                     | )  |                                        |
| COUNCIL; ERIE COUNTY REGIONAL              | )  |                                        |
| CONTRACT JAIL ALBION; INMATE               | )  |                                        |
| GENERAL WELFARE FUND; AND,                 | )  |                                        |
| PENNSYLVANIA DEPARTMENT OF                 | )  |                                        |
| CORRECTIONS,                               | )  |                                        |
|                     Respondents.           | )  |                                        |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

The petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was filed on February 28, 2012, and was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. Petitioner, Michael McDaniel, is a state prisoner currently incarcerated at the State Correctional Institution Albion. He is serving a total aggregate sentence of 15-30 years' imprisonment, which was imposed upon him by the Court of Common Pleas of Bedford County at Criminal Docket No. 364 of 2006 on August 22, 2007, following his convictions of three counts of rape of a person less than 13 years of age and one count of involuntary deviate sexual intercourse. He claims that his sentence is excessive because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines. [ECF No. 7 at 2-3]. As a result, he claims, his sentence "lacked finality" and did not authorize his detention. He further claims that when the Pennsylvania Department of Corrections (the

1

"DOC") took custody of him after his sentencing, it was aware that it did not have the authority to detain him. The DOC therefore contracted with "the Erie County Court of Common Pleas, its Executive/Council, its administrative contract jail Albion Warden, formerly and now Michael W. Harlow, and Records Supervisor Cheryl Gill to 'alter' cause of detainment record for express purpose to 'hold' [him] at Albion[.]" [ECF No. 7 at 3]. Petitioner also claims that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying sentence was "cancelled/terminated." [ECF No. 7 at 3-5]. As relief, Petitioner seeks an order from this Court directing that he be released from custody and that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. [ECF No. 7 at 1, 6].

On September 5, 2012, the Magistrate Judge issued a Report and Recommendation [ECF No. 30] recommending that the petition be summarily dismissed and that a certificate of appealability be denied. She further recommended that the Erie County Court of Common Pleas' motion to dismiss and strike [ECF No. 22] be granted. Objections were filed by Petitioner on September 18, 2012. [ECF No. 32].

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all arguments raised by Petitioner in his Objections and we find that they have no merit. Petitioner insists that there is no valid judgment of sentence in his case, but the record is clear that he is in DOC custody pursuant to the judgment of sentence imposed by the Court of Common Pleas of Bedford County on August 22, 2007. [See State Resp. Exs. 1-3, ECF No. 26-1 at 12, 21-30]. His also alleges that in 2010 a "district court" held that "his

2

detention in [the] State of Michigan [was] unconstitutional,"[1] thereby "voiding" his judgment of sentence. [ECF No. 32 at 2]. The record is utterly devoid of support for that contention. Finally, Petitioner attaches to his Objections documents regarding an inmate named Ernest Bradley. [ECF No. 32 at 12-18]. Those documents have no relevance to Petitioner's case.

In conclusion, after *de novo* review of the petition and documents in this case, together with the Report and Recommendation and Objections thereto, the following order is entered:

AND NOW, this 4th day of October, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus [ECF No. 7] and his amendment and/or supplement thereto [ECF No. 28] are summarily dismissed and a certificate of appealability is denied. It is further ORDERED that the Erie County Court of Common Pleas' motion to dismiss and strike [ECF No. 22] is granted.

The Report and Recommendation [ECF No. 30] of Magistrate Judge Baxter, filed on September 5, 2012, is adopted as the opinion of the Court as supplemented herein.

The Clerk is directed to mark the case closed.

        s/     SEAN J. McLAUGHLIN
                Sean J. McLaughlin

cc: All parties of record     United States District Judge
    Susan Paradise Baxter,
    U.S. Magistrate Judge

---

[1] Petitioner was one of those state prisoners who was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011. Such transfers were effectuated to alleviate overcrowding in Pennsylvania's correctional facilities. See, e.g., Maines v. Rendell, No. 11-70, 2011 WL 6153093, *1 (W.D. Pa. Dec. 9, 2011).